**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arthur Wesley RACHELS,**
**Defendant-Appellant.**

**Nos. 86–5076, 86–5135.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1987.

Decided June 22, 1987.

---

Joyce Karlin, Los Angeles, Cal., for plaintiff-appellee.

Darrell Brown, Little Rock, Ark., for defendant-appellant.

Before BROWNING,* TANG and REINHARDT, Circuit Judges.

PER CURIAM:

Defendant Arthur Wesley Rachels appeals from sentence imposed by the district court following Rachels' plea of guilty to counts involving unlawful distribution of a controlled substance. Rachels raises three issues: (1) denial of his Sixth Amendment guarantee of effective assistance of counsel; (2) violation of Fed.R.Crim.P. 32 and denial of procedural due process flowing from the district court's consideration of certain representations made by the government prior to sentencing; and (3) disparate sentencing. We reject each of his contentions and affirm.

* Judge Browning was unable to be present at oral argument. He has had the benefit of listening to the tapes.

1. Among these were changing references to "cocaine" to "codeine," and altering upward the number of hours Rachels was devoting to community service.

FACTS AND PROCEEDINGS:

A federal grand jury charged Rachels, a licensed medical doctor, with thirty-six counts of knowing and intentional distribution of a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1). Rachels pleaded guilty to five counts.

Before sentencing, the government submitted various documents to the court. Among them was a copy of a log book, maintained by Rachels, which reflected prescriptions of controlled substances to patients. The court also had before it the presentence report prepared by the probation department. At Rachels' sentencing hearing, the court asked Rachels' counsel if he wished to suggest changes in the presentence report. Rachels' counsel suggested several changes, all of which were accepted by the court.[1] The court then asked Rachels if he had any other suggested changes. Rachels replied that he did not. Subsequently, the prosecutor addressed the court and referred to the log book. She stated that the patients listed therein were accomplices who would fill the prescriptions and then give the drugs to Rachels, who then sold the drugs to drug dealers and kept the log in order to cover his unlawful activity. Rachels' counsel did not respond to this characterization. Rachels himself, however, took issue with the prosecutor's characterization of the log book. He stated that the log in fact reflected legitimate dispensing of drugs to patients. In reply, the prosecutor argued that Rachels' characterization of the log book could not be believed in light of the sworn testimony of persons listed in the log who testified that they had never received the drugs.

The court then sentenced Rachels. In doing so, it emphasized, inter alia,[2] the

2. Factors mentioned by the court as its basis for sentencing included endangering the lives of people Rachels had sworn to protect under the Hippocratic oath; committing the crimes over a number of years, indicating that this was no momentary lapse of judgment; deliberation, as shown by the recruitment and payment of other individuals and falsification of records; misuse

"falsification and creation of phony patient records," and the fact that it found Rachels' statements "quite self-serving." Rachels received an initial sentence of ten years in prison, a $25,000 fine, ten years' special parole, and five years' probation. Following imposition of this sentence, Rachels moved the court to correct and reduce his sentence pursuant to Fed.R.Crim.P. 35 because the court had sentenced him to a term of imprisonment exceeding the statutory maximum. On this occasion, Rachels' counsel and Rachels both had a second opportunity to address the court. Both did so, but neither referred to the prosecution's characterization of the log book at the initial hearing, or to any corrections they wished in the presentence report. The court granted Rachels' motion and reduced his sentence to conform to the statutory maximum of five years' imprisonment, a $15,000 fine and two years' special parole. Rachels timely appealed.

DISCUSSION:

1. **The district court did not err in considering certain comments made by the prosecutor at the sentencing hearing**

Rachels challenges on this appeal the district court's consideration of the prosecutor's allegations regarding the log book.

At the sentencing hearing, the prosecutor referred to Rachels' log book and asserted that it was fraudulent. The prosecutor stated that Rachels used the falsified log to cover up his illegal drug transactions. Although Rachels' counsel did not object to the prosecutor's statements, Rachels himself did and argued that the logbook was the actual record of his lawful dispensing of controlled substances. The prosecutor countered by stating that his characterization of the logbook was based upon sworn affidavits. Prior to sentencing, the government submitted affidavits by witnesses who stated that Rachels paid them for filling prescriptions and returning the drugs to him. No further inquiry was made by the court as to the alleged fraudu-

of a medical license; failure to express remorse; and deterrence. The court also favorably con-

lent nature of the logbook and neither Rachels nor his counsel requested a further hearing or a continuance. *Cf. United States v. Hickok*, 481 F.2d 377, 379 (9th Cir.1973) (in his motion to suppress, appellant did not "allege any facts to substantiate his general, conclusory allegation"). When imposing sentence, the trial judge mentioned the defendant's falsification of records as a factor militating in favor of harsh punishment.

■ Rachels argues that the district court violated Fed.R.Crim.P. 32(c)(3)(D). According to this rule, where a defendant challenges information in the presentence report, the court must either make written findings or state that no findings are necessary because the court will not rely on the disputed information. We have held that Rule 32(c)(3)(D) helps to implement the due process requirement that judges determine sentences only on the basis of accurate information. *See United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984). Where the rule has been violated, we remand for resentencing. *See United States v. Edwards*, 800 F.2d 878, 880–83 (9th Cir.1986); *United States v. Petitto*, 767 F.2d 607, 611 (9th Cir.1985); *United States v. Velasquez*, 748 F.2d 972 (5th Cir.1984). Here, however, the defendant only challenges statements made by the prosecutor at the sentencing hearing, and not information in the presentence report. Accordingly, Rule 32(c)(3)(D) is not applicable.

■ The proper approach to analyzing Rachels' claim is set forth in our decision in *Farrow v. United States*, 580 F.2d 1339 (9th Cir.1978) (en banc). *See also United States v. Ibarra*, 737 F.2d 825 (9th Cir. 1985). *Farrow* was decided before the adoption of Fed.R.Crim.P. 32(c)(3)(D) in 1983. The question involved there was whether the defendant's due process rights had been violated when the sentencing judge allegedly relied on untrue material information. We there announced a two-part test to evaluate such due process claims: A defendant challenging informa-

sidered Rachels' guilty plea.

tion used in his sentencing must show 1) that the information is false or unreliable and 2) that the sentencing judge relied, at least in part, on this information. *Farrow,* 580 F.2d at 1359. Where the court does not rely on the challenged information, the sentence will be affirmed regardless of the accuracy of the challenged information. *United States v. Gonzales,* 765 F.2d 1393 (9th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986).

■ Here, the judge did consider that Rachels had falsified records in determining the severity of the sentence imposed. *See supra* n. 2. *Cf. United States v. Alverson,* 666 F.2d 341, 349 (9th Cir.1982) (vacating sentence and "declin[ing] to speculate whether [ex parte] communication had any effect on the judge"). However, Rachels has not demonstrated either the falsity or the unreliability of the government's oral representations about the log book. He has simply alleged that the prosecutor's statements are incorrect. *See Jones v. United States,* 783 F.2d 1477, 1480 (9th Cir.1986). Rachels has offered no evidence that the affidavits submitted by the government attesting to the fraudulent nature of Rachels' dispensing of drugs were either false or unreliable. *See Ibarra,* 737 F.2d at 827; *United States v. Weston,* 448 F.2d 626 (9th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972). Accordingly, we do not find a sufficient basis to remand for resentencing. *See United States v. Petitto,* 767 F.2d 607 (9th Cir.1985).

**2. Counsel's alleged failure to review the presentence report with Rachels prior to sentencing, and counsel's representation in general of Rachels during sentencing, did not violate Rachels' guarantee under the Sixth Amendment of effective assistance of counsel**

■ A claim of ineffective assistance of counsel in violation of the Sixth Amendment is a mixed question of law and fact which merits de novo review by this Court. *United States v. Birtle,* 792 F.2d 846, 847 (9th Cir.1986) (citing *Strickland v. Wash-*

*ington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984)).

■ The record offers no support for Rachels' contention that his counsel failed to review the presentence report with him before trial. The proper avenue for such a contention of ineffective assistance of counsel would appear to be a collateral attack of his sentence which would then provide some record upon which this Court could base its review. *See United States v. Kazni,* 576 F.2d 238, 242 (9th Cir.1978), and citations therein. The existing record indicates that defense counsel brought several errors in the presentence report to the court's attention at the sentencing hearing, and he otherwise appears to have vigorously and competently represented Rachels. *See generally Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070 (successful ineffective assistance claim requires both objectively unreasonable performance and reasonable probability of prejudice).

**3. The district court assessed Rachels individually in sentencing, thus properly exercising its discretion**

■ Sentencing which falls within statutory limits is not subject to appellate review absent an abuse or abdication of discretion. *Chiago,* 699 F.2d 1012 at 1014; *Barker,* 771 F.2d 1362 at 1365.

■ Rachels' contention that the district court abused its discretion by imposing a "disparate sentence" lacks merit. Rachels' argument, made without citing authority, is that the district court had a duty to sentence him to the same punishment meted out by other judges to other doctors convicted of unlawfully distributing drugs. This argument borders on frivolity. The record amply indicates the district court's consideration of both mitigating and aggravating factors in sentencing Rachels. *See Barker,* 771 F.2d at 1365; *United States v. Lopez-Gonzales,* 688 F.2d 1275, 1277 (9th Cir.1982). The record fails to indicate that the district court was aware of what other sentences were imposed on similar defendants. There appears no abuse of discretion

to warrant reversal. *See Chiago*, 699 F.2d at 1014.

AFFIRMED.