896 F.2d 556
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Joseph WELLS, Defendant-Appellant.
 No. 89-50127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1990.*
Decided Feb. 14, 1990.
 Before NELSON, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Carlos Joseph Wells was convicted of conspiring to sell, and selling, stolen United States Savings Bonds. Departing from the recommendation of the presentence report, the district judge sentenced appellant at the upper edge of the Guidelines. Appellant contends that this decision was based in part on erroneous information in violation of his due process rights. We disagree and affirm the sentence of the district court.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 On December 9, 1988, appellant was convicted in a jury trial of conspiracy to sell stolen United States Savings Bonds and the unlawful sale of those same bonds which had a face value of $67,000. The presentence report indicated a sentencing range of 21 to 27 months and two to three years supervised release under the Guidelines. The probation officer recommended 24 months incarceration and three years of supervised release noting that appellant's "lengthy past involvement in criminal activities ... mandates the maximum term of supervision."
 
 
 4
 The district judge departed from the recommendation offered by the probation officer and sentenced appellant to 27 months of incarceration, the maximum permitted under the Guidelines. At the sentencing hearing, the judge commented that she decided to impose the harsher sentence since the instant crime(s) occurred while appellant was on bail for a similar offense for which he was awaiting sentencing in state court:
 
 
 5
 I think what aggravates this particular case and why I think the upper edge of the guidelines is appropriate, is because of the fact you were on bail for receiving stolen property, the credit cards, when this offense occurred and of course it's a similar offense in that it involved stolen property while he [sic] was on bail from the L.A. case.
 
 
 6
 Judge Keep then commented: "As the probation officer notes, there are ways that actually [appellant's] record is worse than the point system [indicates] and I could go upward. I'm not going to do that." Appellant claims that this statement misconstrues the presentence report by relying upon "a nonexistent recommendation that the court could depart based upon inadequacy of criminal history." Wells contends that this reliance on erroneous information violates his due process rights and accordingly asks that his sentence be vacated.
 
 DISCUSSION
 I. Standard of Review
 
 7
 Sentencing which falls within statutory limits will not be vacated absent an abuse of discretion. United States v. Rachels, 820 F.2d 325, 328 (9th Cir.1987).
 
 II. Use of Erroneous Information
 
 8
 In challenging, on due process grounds, information used in sentencing appellant must show (1) that the information was false or unreliable and (2) that the sentencing judge relied, at least in part, on this information. Id. at 327 (citing Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc)). Appellant has failed to carry this burden. Judge Keep's comments do not indicate, as Wells suggests, that the probation officer felt that appellant's point total was inaccurate or that an upward departure was warranted. She appears instead to have stated that Wells' extensive criminal history and repeated incarceration, which were noted by the probation officer in the presentence report,[1] were not fully reflected in the point system and would justify an upward departure. There is nothing false or unreliable about that statement.
 
 
 9
 Even if the district court were to have misconstrued the report, appellant could not prevail since the judge's comments indicate that the decision to sentence at the upper end of the Guidelines was not based on any such misapprehension. As noted above, Judge Keep expressly indicated that it was the pendency of appellant's sentencing for a similar crime in state court which was dispositive in this regard.
 
 
 10
 For the foregoing reasons, appellant's due process claim is without merit and the decision of the lower court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The report states that "Mr. Wells ... has a rather extensive criminal history and has been incarcerated on numerous occasions. He continues to involve himself in illegal activities to reap financial profits."