985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey J. LAU, Petitioner-Appellant,
v.
CIRCUIT COURT OF THE FIRST CIRCUIT, Respondent-Appellee.
 No. 92-15728.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey J. Lau, a Hawaii state probationer, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Lau contends that his due process rights were violated because he was sentenced to pay restitution on the basis of unreliable information in his presentence report. We have jurisdiction under 28 U.S.C. § 2254. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Lau disputes the portion of his sentence that requires him to pay restitution. Lau contends that the information in the presentencing report used to determine the amount of restitution is unreliable. This contention is without merit.
 
 
 4
 When a defendant alleges that particular information in his presentencing report was improperly used in sentencing, the sentence will be vacated only if the challenged information is (1) materially false or unreliable, and (2) demonstrably made the basis for the sentence. Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978). "Challenged information is false or unreliable if it lacks some minimal indicium of reliability beyond mere allegation." United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (citations omitted). A simple allegation that information in the presentencing report is false is not sufficient to remand for resentencing; the defendant must offer some evidence that the information is false or unreliable. See United States v. Rachels, 820 F.2d 325, 328 (9th Cir.1987).
 
 
 5
 Here, the presentencing report contained two documents regarding the victim's losses. The first document, submitted by the victim, alleges medical expenses of $1,186.40, lost wages of $300 from a job at California Fashion Front, and lost wages of $7,200 from a job at Massage Specialist. The document indicates that the sum of $7,200 is her annual pay from Massage Specialist. The second document, submitted by the victim's employer at Massage Specialist, indicated that the victim had missed two months of work, and lost wages of $1,464 during that time. The state trial court ordered Lau to pay restitution of $3,274.40 to the victim.[1]
 
 
 6
 Lau contends that the victim's statement is false and unreliable because it materially conflicts with the employer's statement. The district court held that the victim's statement had some indicia of reliability, because the victim's estimate of her annual pay from Massage Specialist ($7,200) was not substantially different from her employer's estimate of her annual pay ($732 per month multiplied by 12 months, or $8,784). However, the district court did not address the fact that the victim estimated her lost wages for an entire year ($7,200), but her employer stated that she lost wages for only two months ($1,464). Because this difference is substantial, the district court erred in holding that the victim's statement of lost wages was not in conflict with the employer's statement. This conflict deprives the victim's statement of the minimal indicia of reliability required for sentencing. See Ibarra, 737 F.2d at 827.[2]
 
 
 7
 However, Lau has not shown that this statement was demonstrably made the basis of the restitution order. It is not clear how the trial court arrived at the $3,274.40 restitution figure. The amount of restitution awarded, however, is not materially different from the sum of the lost wages and medical expenses that are not in dispute.[3] Had the trial court relied on the victim's statement, the restitution award should have been much higher. Because there is no indication that the amount of restitution ordered was based on the unreliable information, the district court did not err in upholding the restitution award. See Farrow, 580 F.2d at 1359.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lau was also ordered to pay restitution to the Sex Abuse Treatment Center in the amount of $378.33. He does not dispute this portion of the restitution sentence
 
 
 [2]
 Lau also contends that the victim's estimate of medical expenses is unreliable, because some of her expenses may have been paid by insurance. However, because Lau has not presented any evidence to substantiate this claim, the district court did not err in accepting the victim's statement of medical expenses at face value. See Rachels, 820 F.2d at 328
 
 
 [3]
 The victim's medical expenses ($1,186.40), added to her lost wages from California Fashion Front ($300) and her undisputed lost wages from Massage Specialist ($1,464) are only $324 less than what the trial court ordered Lau to pay