15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Victor GALLARDO, Defendant-Appellant.
 No. 93-10073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Dec. 22, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Victor Gallardo appeals his conviction and sentence under 18 U.S.C. Sec. 846 for conspiring to possess with intent to distribute, and distributing, controlled substances, and for using and investing drug proceeds in enterprises affecting interstate and foreign commerce.
 
 
 4
 A. Gallardo claims he was denied effective assistance of counsel. To succeed Gallardo must show his counsel performed deficiently and he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Representation is deficient only if counsel made "material, specific errors and omissions that fall outside the 'wide range of professionally competent assistance.' " United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991) (quoting Strickland, 466 U.S. at 690). Moreover, we indulge a strong presumption that counsel's conduct was professionally reasonable. Id. We review this claim de novo. United States v. Rachels, 820 F.2d 325, 328 (9th Cir.1987).
 
 
 5
 First, Gallardo argues his attorney "threw the case" by conceding he drove the marijuana truck. Admitting this, however, may well have been a strategic decision. At trial, there was plenty of evidence implicating Gallardo as the driver. Had his counsel sought to refute it, her credibility would likely have suffered. Instead, she crafted a defense largely consistent with the government's proof. In any event, we fail to see how Gallardo was prejudiced: The jury was not present when counsel made this statement.
 
 
 6
 Gallardo also claims his counsel couldn't effectively represent him because she had a conflict of interest. We review the magistrate's factual determinations for clear error. United States v. Allen, 831 F.2d 1487, 1494 (9th Cir.1987). A conflict of constitutional dimensions exists only when counsel actively represents conflicting interests, Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); Gallardo makes no such showing. Moreover, at this stage of the proceedings he would have to show "a conflict of interest actually affected the adequacy of his representation." Id. at 349. Nothing in the record supports such a claim. The magistrate's findings were not clearly erroneous.
 
 
 7
 Finally, Gallardo contends irreconcilable differences stymied his communication with counsel and rendered effective representation impossible. As support, he points to two motions to withdraw filed by his counsel in the weeks leading up to trial, both of which were considered and rejected by the district court. There was no abuse of discretion in the court's decision, see United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986), and these instances do not support a finding of irreconcilable differences.
 
 
 8
 B. Gallardo next claims the district court erred by admitting evidence seized in an unlawful search. Gallardo argues the search was unlawful because neither he nor his wife voluntarily consented. We review the district court's determination of voluntariness for clear error, United States v. Feeney, 984 F.2d 1053 (9th Cir.1993), and its denial of Gallardo's motion to suppress de novo, United States v. Ramos, 923 F.2d 1346, 1350 (9th Cir.1991).
 
 
 9
 To determine voluntariness, we look to the five factors outlined in United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988): (1) whether the defendant was in custody; (2) whether the arresting officer had a drawn gun; (3) whether a Miranda warning had been issued; (4) whether the defendant was told he had a right not to consent; and (5) whether the defendant was told that a search warrant could be obtained. We view the evidence in the light most favorable to the district court's decision, and "[t]he fact that some of these factors are not established does not automatically mean that consent was not voluntary." Id.
 
 
 10
 Here, only one factor cuts in Gallardo's favor: He was in custody at the time he gave consent. Gallardo's claim that his consent was conditional, and that his wife's consent was tainted by the involved officers' misrepresentations, was carefully reviewed by the district court; we find no reason to upset its findings. Reviewing the totality of the circumstances, United States v. Preciado-Robles, 964 F.2d 882, 885 (9th Cir.1992), we do not find the district court's determination of voluntariness clearly erroneous. Nor do we find error based on Gallardo's argument that the government's search warrant was overbroad. The officers' discretion was properly constrained. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1567-68 (9th Cir.1989).
 
 
 11
 The district court did not err in denying Gallardo's motion to suppress.
 
 
 12
 C. We decline to address Gallardo's challenge to his sentence as it was not raised below. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983). While there are exceptions to this general rule, id., none applies here.
 
 
 13
 D. Gallardo also contends the district court erred in admitting Robert Werly's testimony. We review for abuse of discretion. United States v. Marchini, 797 F.2d 759, 762 (9th Cir.1986).
 
 
 14
 The district court admitted Werly's testimony pursuant to Fed.R.Evid. 804(b)(5). Based on Marchini and United States v. Zannino, 895 F.2d 1 (1st Cir.1990), the district court carefully considered the necessity for and reliability of Werly's testimony. The test is whether the factors surrounding the giving of the testimony, "taken as a whole, indicate trustworthiness," Barker v. Morris, 761 F.2d 1396, 1403 (9th Cir.1985); the district court did not abuse its discretion in finding they did. The evidence was properly admitted.
 
 
 15
 E. Gallardo next argues we must reverse his conviction because the government presented evidence of multiple conspiracies. We "view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found a single conspiracy beyond a reasonable doubt." United States v. Arbelaez, 719 F.2d 1453, 1457 (9th Cir.1983).
 
 
 16
 Gallardo points to the jury's responses on the verdict form as proof it found he was not part of a conspiracy involving cocaine. What the jury found, however, was that Gallardo did not intend to advance one objective of the conspiracy: cocaine distribution. A conspiracy may involve multiple objectives, United States v. Tille, 729 F.2d 615, 621 (9th Cir.1984), and a defendant may be convicted for participating in a conspiracy if he performs any act in its furtherance, Braverman v. United States, 317 U.S. 49, 53 (1942). Here, the evidence was sufficient for a jury to find Gallardo had participated in a single conspiracy involving both marijuana and cocaine. See, e.g., United States v. Baxter, 492 F.2d 150, 158 (9th Cir.1973).
 
 
 17
 F. Finally, Gallardo claims that, pursuant to 21 U.S.C. Sec. 851, he cannot receive increased punishment based on a prior conviction because the government failed to provide timely notice of its intent to seek enhancement. The record, however, indicates such notice was served before the start of the trial, see, e.g., SER Tab 10, which is all the statute requires.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3