24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kirby Andre WEST, Jr., Defendant-Appellant.
 No. 93-50613.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kirby Andre West, Jr., appeals his sentence imposed following revocation of his probation. He contends that the district court failed to exercise its discretion in requiring service of a twelve-year term. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On February 13, 1984, West was convicted for four counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). On count thirteen, he was sentenced to eight years imprisonment. On count nine he was sentenced to twelve consecutive years, execution suspended, and placed on five years probation. On counts one and six, imposition of sentence was suspended, and West was placed on five years probation, concurrent with probation on count nine.
 
 
 4
 West finished the eight-year term of imprisonment and began serving his probationary term on September 12, 1991. On August 24, 1992, the district court revoked West's probation after he admitted failing to follow the rules of his drug treatment program and testing postitive for cocaine use. The district court ordered execution of the previously suspended twelve-year term. On January 15, 1993, however, the district court granted West's Fed.R.Crim.P. 35(b) motion for sentence modification and readmitted him to probation for five years.
 
 
 5
 On May 3, 1993, West again was charged with violating probation by failing to follow the rules of his drug treatment program and testing positive for cocaine use. He admitted these violations on June 2, 1993. On August 9, 1993, the district court again revoked West's probation and ordered execution of the twelve-year term.
 
 
 6
 A pre-United States Sentencing Guidelines sentence within statutory limits generally is not subject to review. United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Where, however, the district court fails to exercise its sentencing discretion, we will vacate the sentence. United States v. Rachels, 820 F.2d 325, 328 (9th Cir.1987) (per curiam). The district court fails to exercise its discretion if it does not consider all aggravating and mitigating circumstances. Id.; United States v. Barker, 771 F.2d 1362, 1369 (9th Cir.1985).
 
 
 7
 When probation has been revoked, the district court may (1) require the defendant to serve the sentence imposed, or (2) impose any sentence that might originally have been imposed, if imposition was suspended. 18 U.S.C. Sec. 3653 (repealed); United States v. Foster, 904 F.2d 20, 21 (9th Cir.1990).
 
 
 8
 West contends that the district court failed to exercise its discretion when it executed the twelve-year term. He contends that the district court "just mechanically" reinstated the twelve-year term it had ordered executed in 1992, even though circumstances had changed since 1992; specifically, he had sought and been admitted to new drug treatment programs after his discharge from previous programs, he had made arrangements to perform community service, and he had been diagnosed with a psychological disorder. West also contends that the district court did not consider the "merely technical" nature of his probation violations. These contentions lack merit.
 
 
 9
 The record shows that the district court considered the above circumstances and concluded that West had failed to avail himself of multiple opportunities for drug addiction treatment. Disagreement with the defendant's characterization of his circumstances is different from failure to consider those circumstances. See Rachels, 820 F.2d at 328; Barker, 771 F.2d at 1369. West's sentence was within statutory limits. See 18 U.S.C. Sec. 3653. Accordingly, we affirm it. See Yarbrough, 852 F.2d at 1545.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3