UNITED STATES of America, Plaintiff,

v.

Victor GALLARDO, Defendant.

No. CR–S–90–00269–PMP (LRL).

United States District Court,
D. Nevada.

Nov. 30, 1995.

Joseph M. Angelo, Jr., Assistant U.S. Attorney, Las Vegas, NV, for plaintiff.

Michael Pontoni, Las Vegas, NV, for defendant.

## ORDER

PRO, District Judge.

Before the court are:

Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (# 1272); Memorandum of Points and Authorities in Support of the 2255 Motion (# 1277); Addendum (# 1278); Declaration of Victor Gallardo in Support of Addendum to 2255 Motion (# 1289); Addendum (# 1290); Motion for Release from Custody filed on behalf of Defendant (# 1315); Addendum to Defendant's Motion for Release from Custody (# 1321); Supplemental Memorandum of Points and Authorities in Support of 2255 Motion (# 1328); and Government's Response (# 1344).

### I. *Facts/Procedural History*

Defendant, Victor Gallardo, filed a section 2255 petition, along with various addendums and memorandum of points and authorities, including a motion for release from custody by his court appointed attorney, Michael Pontoni. Defendant alleges violations of the Excessive Fines Clause, due process, double

jeopardy, ineffective assistance of counsel and unlawful search and seizure.

On March 22, 1991, a federal grand jury returned a forty-nine count criminal superseding indictment against the Defendant and his nineteen co-defendants. On August 31, 1992, jury trial commenced. Defendant was found guilty of conspiracy to possess with intent to distribute and to distribute controlled substances and to invest illicit profits in violation of 21 U.S.C. § 846. Defendant was sentenced to a 120 month term of imprisonment, with an eight year period of supervised release to follow. The Ninth Circuit Court of Appeals affirmed the conviction.

On August 22, 1991, complaints for forfeiture *in rem* were filed against various properties. The Defendant was personally served with the complaints for forfeiture *in rem*, the orders for warrant of arrest *in rem* for the property and notice, the warrants of arrest *in rem* for the property, and the notices of complaint for forfeiture and arrest of property. On October 18, 1991, the Defendant filed unverified claims to the personal properties. On November 7, 1991, he filed untimely answers. On November 8, 1991, he filed untimely verified claims. The United States of America moved for summary judgment on August 20, 1993. Defendant requested and was granted an extension of time to respond to the summary judgment motions, but failed to respond. Accordingly, the court granted the summary judgment motions on November 16, 1993.

## II. *2255 Motion*

A motion pursuant to 28 U.S.C. § 2255 may be brought:

(1) by a person in custody pursuant to a judgment of that court for a determination that the judgment was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such judgment, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack; and (2) by a person in custody pursuant to a judgment of a state or other federal court and subject to future custody under a judgment of the district court for a determination that

such future custody will be in violation of the Constitution or laws of the United States, or that the district court was without jurisdiction to impose such judgment, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

(Rule 1, Rules Governing Section 2255 Proceedings in the United States District Courts.)

### A. *Excessive Fines Clause*

■ Defendant alleges that the civil forfeitures violated the Excessive Fines Clause, but the forfeitures were not a part of his criminal case. The judgment under attack in a 2255 motion is the judgment for which Defendant is in custody. Therefore, Defendant's allegations regarding the Excessive Fines Clause are irrelevant in his 2255 motion.

### B. *Due Process*

■ Defendant alleges that his due process rights under the Fifth and Fourteenth Amendments were violated because he was not allowed to proceed as a pro se litigant and was "saddled" with a court appointed counsel. "[A] defendant has a Constitutional right under the Sixth Amendment to proceed pro se. (citation omitted) It is well established in the Ninth Circuit, however, that in order to invoke the Sixth Amendment right to self-representation, the request must be (1) knowing and intelligent, and (2) unequivocal." (citations omitted) *Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir.1993). Defendant asserts that he was denied standing to file pro se motions and the court erred in not substituting counsel. Due to the fact that he felt his counsel was ineffective, Defendant filed pro sé motions and sought substitution of counsel. But, Defendant has not shown that he knowingly, intelligently and unequivocally invoked his right to self-representation. Similarly in this 2255 motion, Defendant requested and was granted appointment of counsel, but continuously attempts to file

pro se motions while being represented by counsel.[1]

### C. *Ineffective Assistance of Counsel, Unlawful Search and Seizure*

■ Defendant's allegations of ineffective assistance of counsel and unlawful search and seizure were raised on direct appeal. The Ninth Circuit found them without merit. *United States v. Gallardo*, 15 F.3d 1091 (9th Cir.1993) (Unpublished disposition). "Issues disposed on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding. (citations omitted) The fact that the issue may be stated in different terms is of no significance." (citation omitted) *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979). Therefore, this court will not "redecide" the issues decided by the Ninth Circuit Court of Appeals.

### D. *Double Jeopardy*

Defendant alleges that he must be released from custody because his Fifth Amendment right against double jeopardy was violated because of his criminal conviction and civil forfeitures resulted in "multiple punishments" for the same offense. Since a 2255 motion attacks the judgment under which a defendant is in custody, the only relevant issue here is whether Defendant's criminal conviction violated the double jeopardy clause.

■ Jeopardy attaches in a criminal proceeding when the jury is empaneled. *United States v. Kearns*, 61 F.3d 1422, 1428 (9th Cir.1995) (citing *Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2160–61, 57 L.Ed.2d 24 (1978)). Jeopardy attached in Defendant's criminal case on August 31, 1992, when the trial started. Although Defendant argues that jeopardy attached in the civil forfeiture proceedings prior to jeopardy attaching in his criminal case, the court rejects that argument. Jeopardy does not attach in a civil forfeiture proceeding until the final judgment is entered. *United States v. Sanchez–Cobarruvias*, 65 F.3d 781, 783 (9th Cir.1995) ("there must be a degree of finality to the

prior proceeding before double jeopardy may be deemed to attach"). Since summary judgment was granted in the civil forfeitures after jeopardy attached in the criminal case, Defendant's criminal conviction did not violate double jeopardy.

IT IS THEREFORE **ORDERED** that Defendant's 2255 Motion to Vacate, Set Aside, or Correct Sentence (# 1272) and Motion for Release from Custody (# 1315) are DENIED.

---

1. Defendant fails to comprehend the difference between proceeding pro se and being represented by counsel. A person represented by an attorney cannot file pro se motions. In this 2255 motion, Defendant repeatedly moved for appointment of counsel and was ultimately appointed counsel, but Defendant continues to submit pro se motions.