**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alberto CORRAL, Defendant—Appellant.**

No. 00–10604.

D.C. No. CR–95–05197–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Jan. 23, 2003.

Before D.W. NELSON, BEEZER and WARDLAW, Circuit Judges.

## MEMORANDUM *

Defendant Corral was sentenced in November 1996 for conspiracy to manufacture methamphetamine. On appeal in April 1999, we remanded the case for re-sentencing. Corral was re-sentenced in November 2000. Corral now claims that 1) the trial court should have conducted an on-the-record inquiry into his assertion of an attorney-client conflict and that the trial court's referral of the change-of-counsel motion to defense counsel did not satisfy the court's inquiry obligation; 2) the trial court lost jurisdiction by failing to inquire into the attorney-client conflict; 3) the trial court committed reversible error by ask-

ing defense counsel whether the defendant was guilty of the charge to which he was pleading guilty; 4) defense counsel violated his Sixth Amendment right by stating that Corral was guilty of the charge to which he was pleading guilty; and 5) the prosecution violated his due process rights when it allowed perjury at the resentencing hearing.

I

Corral did not raise his challenges surrounding the trial court's failure to rule on the change-of-counsel motion to the trial court. Instead, Corral stated to the trial court at his change-of-plea hearing in May 1996 that he was satisfied with his counsel. Both challenges are waived. *See United States v. Smith*, 893 F.2d 1573, 1581 (9th Cir.1990); *United States v. Taglia*, 922 F.2d 413, 416 (7th Cir.1991) ("We agree that there was waiver. Apparently the motion to sever was lost in the shuffle before trial. Those things happen. If a motion is not acted upon, a litigant had better renew it. He may not lull the judge into thinking that it has been abandoned and then, after he has lost, pull a rabbit out of his pocket in the form of the forgotten motion."). This case is unlike *Schell v. Witek*, 218 F.3d 1017, 1024 (9th Cir.2000), where a motion was not waived because the defendant was falsely told by counsel that the motion had been denied.

II

Corral contends that the trial court lost jurisdiction when it failed to rule on his motion for change of counsel. Corral relies on *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) as support. *Johnson* held that a trial court loses jurisdiction if it fails to provide coun-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sel to a defendant for trial when the defendant has not waived the right to counsel and cannot obtain counsel himself. *Id.* at 468, 58 S.Ct. 1019. *Johnson's* jurisdictional requirements were not violated in Corral's case. Corral did not have a trial, much less a trial without counsel. An attorney represented Corral in the trial court at both his plea and sentencing hearings.

### III

Corral objects to an exchange between the district judge and defense counsel at his May 1996 change-of-plea hearing. In an effort to determine the knowing and voluntary nature of the plea, the judge asked defense counsel whether the defendant was guilty of the charge to which he was pleading guilty. Corral asserts that the trial court committed reversible error by asking defense counsel this question.

■ Corral did not raise a violation of his Fifth Amendment rights before the trial court prior to or at the first sentencing. After remand, the defendant alleged a Fifth Amendment violation only in a motion to disqualify the judge for bias. Since the Fifth Amendment claim was never squarely raised before the trial court, we review it for plain error. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Corral was permitted to maintain his innocence at sentencing, and the plea colloquy exchange was not referenced at that time. There was no plain error affecting substantial rights that resulted from the plea colloquy.

### IV

■ Corral maintains that defense counsel violated his Sixth Amendment right to effective counsel by answering that he was satisfied that Corral was pleading guilty because he was guilty. A Sixth Amendment claim for ineffective assistance of counsel is best raised in a habeas corpus petition where the full facts of the representation can be developed sufficiently. *United States v. Reyes–Platero,* 224 F.3d 1112, 1116 (9th Cir.2000). Although the statements made at the plea colloquy are in the record, an appropriate evaluation of the ineffective assistance of counsel claim requires more extensive factual development regarding the representation. Based upon the plea colloquy alone, we do not find that counsel was ineffective.

### V

■ Corral contends that the prosecution presented perjured testimony at the resentencing hearing, in violation of Corral's due process rights. A defendant's due process rights are violated if a sentencing judge relies on information that is false or unreliable. *United States v. Rachels,* 820 F.2d 325, 327–28 (9th Cir.1987). Although there were inconsistencies in the testimony of witnesses Augilar and Hoek at the re-sentencing hearing, over five years had passed between the time of the events and the time of their testimony. These inconsistencies did not establish that the testimony was false or unreliable. There was no due process violation.

AFFIRMED.