**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan Manuel IBARRA,**
**Defendant-Appellant.**

No. 83–5292.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1984.

Decided July 16, 1984.

Judith F. Hayes, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

John J. Cleary, Cleary & Sevilla, San Diego, Cal., for defendant-appellant.

Before WALLACE, PREGERSON, and ALARCON, Circuit Judges.

PREGERSON, Circuit Judge:

Juan Ibarra purchased a .22 caliber semiautomatic rifle by lying about his prior felony convictions. The Bureau of Alcohol, Tobacco, and Firearms (BATF) arrested him. Ibarra pleaded guilty to making a false statement in connection with the acquisition of a firearm, 18 U.S.C. §§ 922(a)(6), 924(a) (1982), and the Probation Office prepared a presentence report. Ibarra challenges the report's accuracy and contends that the district court improperly relied on it in sentencing him. Because we think that the district court did not rely on the challenged statements, we affirm.

## FACTS

Ibarra complains that the Probation Office's presentence report improperly contains at least two damaging statements. First, the report includes the conclusions of a BATF agent that

> the defendant shows a persistent determination to obtain a .22 caliber rifle, and that the .22 caliber rifle, purchased in the instant offense, has the appearance of a semiautomatic weapon which would intimidate. Therefore ... the defendant purchased the weapon to intimidate other people.

Presentence Report on Juan Manuel Ibarra, United States District Court, Southern District of California, at 4 (Oct. 11, 1983).

Second, the report includes a local deputy sheriff's comments about

> the incidents of animal abuse in which the defendant shot a neighbor's dog about October 12, 1982, plus reported complaints from undocumented aliens in the area of Borrego Springs who allegedly claim the defendant intimidates them for small amounts of money. [The deputy] also recited an incident of reported burglary of a .22 caliber rifle from the home of a neighbor of the defendant, in which the defendant is the primary suspect. Therefore, he concluded that IBARRA is a danger to the community and an individual who keeps the Deputy Sheriff busy.

*Id.* at 10.

Ibarra argued that these statements were either incorrect or undocumented. The district court essentially agreed and rejected the BATF agent's conclusions and the deputy sheriff's allegations. Ibarra's counsel proposed a sentence of 8 months, the Probation Office 2 years, and the Government the maximum of 5 years. The district court imposed a 4-year term. Ibarra appealed.

## STANDARD OF REVIEW

■ We review a sentence for abuse of discretion, *e.g., United States v. Chiago*, 699 F.2d 1012, 1014 (9th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 171, 78 L.Ed.2d 154

(1983), if defendant can show that the district court relied on information that should not have been considered during the sentencing phase, *e.g., United States v. Sanchez-Murillo*, 608 F.2d 1314, 1319 (9th Cir. 1979).

## ANALYSIS

■ To succeed on appeal, Ibarra must establish that the challenged information "is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). Challenged information is "false or unreliable" if it lacks "some minimal indicium of reliability beyond mere allegation." *United States v. Baylin*, 696 F.2d 1030, 1040 (3d Cir.1982), *construing United States v. Weston*, 448 F.2d 626, 633–34 (9th Cir.), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1971).

New Fed.R.Crim.P. 32(c)(3)(D) helps courts implement the *Farrow* test.[1] The rule requires the district court, in entertaining a challenge to a presentence report, either to decide the challenge on the merits, or to state that no finding is necessary because the court will not rely on the controverted information. *See* Fed.R.Crim.P. 32(c)(3)(D) advisory committee note on 1983 amend., para. 7.

■ In the present case, we hold that the district court substantially complied with Rule 32(c)(3)(D) and that Ibarra has not shown that the court "demonstrably" relied on the challenged information when it imposed sentence.

Regarding the BATF agent's conclusion that Ibarra bought the rifle to intimidate people, the court said, "What difference does it make what she [the agent] concluded? Anyone can conclude anything they want." Transcript at 22, *quoted in* Appellee's Brief at 7–8. Although the court could—and probably should—have explicitly stated that it would not rely on the BATF agent's conclusion, its rhetorical question, expressing skepticism, had the same effect.

Regarding the deputy sheriff's comments, the court seemed to discount them as well. In discussing the information about Ibarra's allegedly extorting money from undocumented aliens, the court said, "One says he [Ibarra] did. One says he didn't. That's all it is." Transcript at 57, *quoted in* Appellee's Brief at 20 n. 3.

Again, we think the court could and should have been more explicit. But this statement, in light of the other negative factors in the presentence report that went uncontroverted, indicates to us that the court did not rely on the deputy's statements.

## CONCLUSION

■ We hold that the district court did not abuse its discretion when it imposed the 4-year sentence. Therefore, we affirm, but with this caveat: the district courts should follow the command of Fed.R. Crim.P. 32(c)(3)(D) more precisely. When a district court confronts a challenge to the accuracy of information in a presentence report, it should explicitly state for the record either its finding regarding the challenge, or its decision not to take the matter controverted into account when imposing sentence. By adhering to this modest re-

---

1. The provision reads in full:

   If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determina-

tions shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission. Fed.R.Crim.P. 32(c)(3)(D).

For a discussion of the critical role that the presentence report plays in the corrections process, see Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1613, 1616 (1980).

quirement,[2] the district courts can help reduce unnecessary appeals based on the parties' misunderstanding of the record.

2. "New subdivision (c)(3)(D) does not impose an onerous burden. It does not even require the preparation of a transcript. As is now the practice in some courts, these findings and determinations can be simply entered onto a form which is appended to the [presentence] report." Fed.R.Crim.P. 32(c)(3)(D) advisory committee note on 1983 amend., para. 8.