841 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert D. MUSSON, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-3350.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and MARKEY, Chief Judge.*
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's denial of his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After pleading guilty to count six (importing cocaine, 21 U.S.C. Sec. 952; 18 U.S.C. Sec. 20) and count eleven (tax evasion, 26 U.S.C. Sec. 7201) of a twelve count indictment, the petitioner was sentenced to ten years and two years respectively. These sentences were ordered to run consecutively. A three year special parole term was made to follow the ten year sentence. 21 U.S.C. Sec. 960(a) & (b). Upon the denial of his motion to modify his sentence under Fed.R. Crim.P. 35(a), the petitioner filed the instant Sec. 2255 motion to vacate his sentence asserting: 1) the presentencing report and amendment thereto purportedly contained false and inaccurate information; 2) the special parole term was improperly imposed; and 3) consecutive sentencing was inappropriate. The district court denied the motion because the petitioner failed to assert a basis warranting relief.
 
 
 3
 Upon review, we conclude the district court properly denied the motion. We reject the petitioner's first claim because there has been no showing that any of the purported inaccuracies in the presentence report was "demonstrably made the basis for the sentence." United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987) (quoting United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984)).
 
 
 4
 As for petitioner's second claim, there is absolutely no impropriety in the imposition of a three year special parole term when a sentence is levied upon a conviction under 21 U.S.C. Sec. 952. Indeed, the sanctions for violating the statute, as in effect at the time of sentencing, require such assessment. 21 U.S.C. Sec. 960(a) & (b).
 
 
 5
 Finally, no infirmity exists in consecutive sentencing in this case. The petitioner pled guilty to importing cocaine and tax evasion, crimes requiring completely independent conduct.
 
 
 6
 We decline to review the petitioner's Fifth Amendment claims raised for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 217 (6th Cir.1985).
 
 
 7
 Accordingly, we affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit sitting by designation