951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John BIRGES, Sr., Defendant-Appellant.
 No. 90-16382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 16, 1991.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Birges' petition under 28 U.S.C. § 2255 presents four claims. Birges first argues that he received ineffective assistance of counsel at trial. To succeed, Birges must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that counsel's error affected the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Birges fails to satisfy either of these prongs. Counsel's failure to subpoena witnesses who supposedly would have testified in Birges' favor was a tactical decision we may not second-guess. Furthermore, Birges has not demonstrated a reasonable probability that the result of the proceedings would have been different had the witnesses been called.
 
 
 3
 Birges claims to have new evidence, but none of this alleged evidence raises any question about his guilt; therefore, it is not cognizable on federal habeas. Gordon v. Duran, 895 F.2d 610, 614-15 (9th Cir.1990).
 
 
 4
 Birges contends that his presentence report was falsified. Birges' presentence report stated that he had been sentenced to 25 years' imprisonment in Siberia for espionage, but did not specify that he had been working as a spy for the United States Army Counter-Intelligence Corps. This omission was not materially inaccurate, and Birges has not shown that the district court relied on the Siberian imprisonment to calculate or enhance his sentence. See United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984). The omission was harmless.
 
 
 5
 As his final ground for relief, Birges states that "[t]he trial judge denied the fully extended cross examination of the government witnesses." Birges gives no supporting facts or argument to substantiate this claim. We therefore reject it.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3