951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Lee MOORE, Defendant-Appellant.
 No. 90-30246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Lee Moore appeals his sentence imposed following entry of a guilty plea to two counts of mail fraud, in violation of 18 U.S.C. § 1341. Moore contends the district court erred by relying on inaccurate information at sentencing regarding the relative severity of the criminal histories of Moore and a codefendant and that this was a violation of Moore's due process rights. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Under pre-United States Sentencing Guidelines law, "[t]rial judges are accorded virtually unfettered discretion in determining what sentence to impose on a defendant." United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir.1989) (citations omitted). Nonetheless, "[w]hile a federal sentence within statutory limits ordinarily is not subject to review, the constitutional guarantee of due process, which continues to operate through sentencing, circumscribes the district court's discretion." Id. (citations omitted). We review the district court's sentencing decision for abuse of discretion. United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986).
 
 
 4
 Reliance by the trial judge on materially false or unreliable information in sentencing violates the defendant's due process rights. Id. "A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Id.; see also Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). "Challenged information is 'false or unreliable' if it lacks 'some minimal indicium of reliability beyond mere allegation.' " United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (quoting United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir.1982)).
 
 
 5
 Here, after the pronouncement of sentence, the following colloquy ensued between Moore's counsel and the district court:
 
 
 6
 COUNSEL: Your Honor, I have a question. The Court is imposing a sentence, are you comparing Mr. Moore's record to Mr. Swartz' and you are apparently considering information I have not been provided with.
 
 
 7
 THE COURT: That was my understanding of the information. I have never seen it either....
 
 
 8
 COUNSEL: As I understand it, Mr. Swartz had a significant record including a sexual assault, a rape of some sort. I have not been given a copy of that....
 
 
 9
 THE COURT: Perhaps it was another gentleman that was sentenced earlier in this court for a similar crime. But in any event, I don't know what Mr. Swartz' record is. I only know what you told me; that he tended to put all the blame on Mr. Moore. I disregarded that. Primarily, although this sentence may be disproportionate to his sentence, that sentence was, as I indicated, given in a district other than this one. I don't know the basis of the court's sentence or the reason that was given. I somehow got the impression he had a lesser record, or at least a record which involved different types of crimes not involving fraud or that type of thing.
 
 
 10
 But I am not sure, but I will say for the record that I don't consider Mr. Swartz' record in my sentence of Mr. Moore.
 
 
 11
 RT 7/2/90 at 9-10; ER at 26-27.
 
 
 12
 From this colloquy, Moore argues that the information regarding the respective criminal histories of Moore and his codefendant was, at best, unreliable. See Ibarra, 737 F.2d at 827. Nonetheless, the district court made clear at this time that the severity of Moore's sentence was not based on the alleged difference between Swartz' and Moore's criminal records. Thus, the challenged information did not demonstrably form the basis for the sentence given. See id.
 
 
 13
 Therefore, the district court did not abuse its discretion when it sentenced Moore. See Ibarra, 737 F.2d at 827.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because there is "nothing in the record to indicate that the trial judge would be other than objective, fair and impartial if called upon to resentence the appellant in this case," we decline to order that resentencing take place in front of a different judge. See Borrero-Isaza, 887 F.2d at 1357