977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. McDANIELS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-16090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. McDaniels, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence imposed following his 1982 conviction by jury trial for four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). McDaniels contends that the district court erred by (1) refusing to reduce his 25-year sentence on the basis that at sentencing it had relied on factual errors about prior convictions in his presentence report (PSR) and (2) failing to rule on his motion to correct the PSR. The government contends that (1) this appeal should be dismissed for abuse of the writ because McDaniels did not challenge the accuracy of the PSR in two previous section 2255 motions, and (2) the issue of the accuracy of the PSR was procedurally defaulted because McDaniels did not raise it at the sentencing hearing. As to McDaniels's second contention, the government concedes that the district court erred by failing to append its order to the PSR. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and we affirm in part and remand for further proceedings.
 
 
 3
 If a defendant alleges a factual inaccuracy in his PSR, the district court must make either a finding as to the allegation or a determination that the disputed information will not be taken into account in sentencing. Fed.R.Crim.P. 32(c)(3)(D) (implementing holding of Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc) ("a sentence will be vacated ... if the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence"); see United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984).
 
 
 4
 Here, the PSR discussed a 1968 conviction for resisting police officers and a 1969 conviction for robbery. McDaniels alleges that he was arrested on those charges but was not convicted. The PSR also discussed prior misdemeanor convictions for contributing to the delinquency of a minor and petty theft, and a prior counseled conviction for robbery and rape. At the sentencing hearing defense counsel objected to consideration of dismissed charges and other prior convictions for which representation by counsel was unverified, and the district court stated, "[T]here is a general picture drawn in the probation report in whether or not a specific conviction appeared or not. There is no question that these crimes for which the Defendant was actually convicted by a jury manifest a significant level of potential for violence and indeed disregard for safety." In its order denying the section 2255 motion, the district court found that "its sentencing decision would not have been changed by a PSI report minus the errors which movant alleges are contained therein.... Movant's undisputed criminal record provided and continues to provide the court with the basis for its determination of movant's sentence."
 
 
 5
 Because the district court did not rely on the 1968 and 1969 convictions, there was no due process violation at sentencing. See Fed.R.Crim.P. 32(c)(3)(D); Farrow, 580 F.2d at 1359. McDaniels also contends that the district court's order demonstrates that it improperly relied on arrests and invalid uncounseled convictions at sentencing. We decline to address this contention because McDaniels did not raise it below. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 6
 Rule 32(c)(3)(D) requires that a written record of findings and determinations regarding allegations of factual inaccuracy in the PSR "be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission." Fed.R.Crim.P. 32(c)(3)(D); United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989). Accordingly, we remand for the district court to append its order to the PSR.
 
 
 7
 AFFIRMED in part and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3