996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond PEREZ-CASTILLO, Defendant-Appellant.
 No. 92-30159.
 United States Court of Appeals, Ninth Circuit.
 June 16, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, NO. CR-87-122-02-JET; Jack E. Tanner, District Judge, Presiding.
 Before: FARRIS, FERGUSON, AND D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Perez-Castillo appeals his twenty-five-year sentence for distribution of cocaine and conspiracy to distribute cocaine under 21 U.S.C. §§ 841(a) and 846. Perez argues that resentencing is required because the district court failed to comply with its obligation under Fed.R.Crim.P. 32(c)(3)(D) to resolve or disavow reliance upon an asserted factual inaccuracy in the presentence report (PSR). See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The Presentence Report contains the sentence:
 
 
 4
 Subsequent diverse investigations of Perez-Castillo's activities indicated that he was involved in he [sic] importation of multi-hundred kilograms of cocaine into the United States from Panama and other Central and South American Countries.
 
 
 5
 Pursuant to Rule 32(c)(3)(D)[1], Perez requested that the district court make a finding that it would disregard this statement for the purpose of sentencing, or alternatively that the following statement be substituted as a "corrected version" of the contested statement:
 
 
 6
 Ray Perez transported 50-kilograms of cocaine from Florida to Seattle in November of 1985. This 50-kilogram shipment was part of a 390-kilogram shipment that was smuggled into the country by Boris Olarte. Mr. Perez was not involved in importing this cocaine into the country. At no time, was he involved in the planning or execution of the scheme to bring the cocaine into the country.[2]
 
 
 7
 The government argues that because Perez did not actually allege a factual inaccuracy in the PSR, he did not trigger the district court's duty under Rule 32(c)(3)(D) to resolve or disavow the PSR statement on the record. We agree, although we believe it would have been better practice for the district court to resolve or disavow the PSR statement anyway.
 
 
 8
 Perez' proposed corrected version does not factually contradict the challenged sentence in the PSR. Perez' version elaborates upon the PSR statement--in a light more favorable to Perez, and perhaps more fair--but it only appears to contradict the PSR statement in one regard. That contradiction is Perez' statement that he "was not involved in importing ... cocaine into the country."
 
 
 9
 Perez, however, admits in his corrected version of the challenged statement that he transported from Florida to Seattle fifty kilograms of cocaine, and admits that the cocaine was part of a multi-hundred kilogram shipment of cocaine that was imported into the country. Moreover, in other PSR statements that Perez has not challenged as inaccurate, Perez is described as being involved in transporting within the United States upwards of 100 other kilograms of cocaine that Olarte had imported into the country.
 
 
 10
 We have previously held that "Congress has defined [the importation of drugs] as a 'continuing' [crime]." United States v. Barnard, 490 F.2d 907, 911 (9th Cir.1973), cert. denied, 416 U.S. 959 (1974) (construing 18 U.S.C. § 3237(a)). "Conspiracy and drug importation are 'continuous crimes'; that is, they are not completed until the drugs reach their final destination...." United States v. Turner, 936 F.2d 221, 226 (6th Cir.1991) (citing United States v. Lowry, 675 F.2d 593, 594 (4th Cir.1982)). In other words, the crime of drug importation encompasses a distributor of imported drugs, even if that person's distribution occurs entirely within the United States.
 
 
 11
 Thus, by admitting to knowingly transporting within the United States cocaine that has been imported into the country, Perez has, as a matter of law, admitted to the controverted PSR statement that he was "involved in the importation of multi-hundred kilograms of cocaine...."
 
 
 12
 Because Perez' corrected version of the challenged PSR statement is, as a matter of law, equivalent to statements in the PSR that are either unchallenged or are contained within Perez' corrected version of the PSR statement, Perez has failed to allege a factual inaccuracy in the PSR. Therefore, although it would have been better practice for the district court to state for the record that Perez had not alleged a factual inaccuracy in the PSR and therefore the court was not constrained by the requirements of Rule 32, it is not a basis for reversal that the court failed to do so.
 
 
 13
 We have stated before that "[w]hen a district court confronts a challenge to the accuracy of information in a presentence report, it should explicitly state for the record either its finding regarding the challenge, or its decision not to take the matter controverted into account when imposing sentence. By adhering to this modest requirement, the district courts can help reduce unnecessary appeals based on the parties' misunderstanding of the record." United States v. Ibarra, 737 F.2d 825, 827-28 (9th Cir.1984) (footnote omitted). Here, an explanation on the record why Perez was not alleging a factual inaccuracy would have served the same end.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, Fed.R.Crim.P. 32(c)(3)(D) states: "If ... the defendant ... allege[s] any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing."
 
 
 [2]
 Perez challenged two other statements in the PSR. He does not appeal the district court's resolution of those two matters