145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ernest Ron WASHINGTON, Defendant-Appellant.
 No. 97-10329.
D.C. No. CR-95-00422-WDB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1998.
Decided May 1, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona, William D. Browning, District Judge, Presiding.
 
 
 2
 Before NOONAN and TROTT, Circuit Judges, and WALLACH.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Ernest Washington's judgment of conviction and sentence is affirmed. The district court did not deny Washington a fair trial by permitting two police officers to state their opinions regarding the circumstances of cocaine sales and the possible toxicity of ingestion of large amounts of crack cocaine. The court did not err by refusing to appoint a defense expert to dispute the police testimony regarding toxicity. Further, the district court did not err by refusing to produce the government informant, by considering hearsay statements of appellant's girlfriend at sentencing, or by determining for sentencing purposes that the crack cocaine was possessed for sale. Finally, the district court did not err by denying Washington a reduction in his sentence for acceptance of responsibility.
 
 1. Police Officers' Testimony
 
 5
 The decision whether to admit expert testimony "is committed to the discretion of the court and will not be disturbed unless manifestly erroneous." United States v. Kinsey, 843 F.2d 383, 388 (9th Cir.1988). This court reviews for abuse of discretion. United States v. Cordoba, 104 F.3d 225, 229 (9th Cir.1996).
 
 
 6
 If specialized knowledge will assist the trier of fact to understand the evidence or resolve an issue, a qualified expert may provide opinion testimony on the issue in question. Fed.R.Evid. 702; see also Cordoba, 104 F.3d at 229. An expert may not testify, however, with respect to the "mental state or condition of a defendant in a criminal case ... [where] the mental state or condition constitut[es] an element of the crime charged or a defense thereto. Such ultimate issues are matters for the trier of fact alone." Fed.R.Evid. 704(b).
 
 
 7
 On direct examination, one police officer offered his opinion about the circumstances often associated with narcotics sales. He testified that, as found in this case, narcotics traffickers frequently carry police scanners, cellular telephones, scales, and large amounts of cash. Another officer testified that it would be toxic for a single person to consume the amount of crack cocaine found on Appellant's person. He also testified that the amount of crack cocaine found on Washington, 11.4 grams, was consistent with possession for sale.
 
 
 8
 The foundation for the officers' testimony was sufficiently established. Both had been police officers for many years, with specific experience and training in narcotics. The district court did not abuse its discretion by permitting the officers to testify regarding paraphernalia and circumstances associated with the use and distribution of crack cocaine. Neither officer testified about the ultimate conclusion of Washington's state of mind. Both offered helpful information based on their expertise in the drug enforcement field.
 
 2. Refusal to Appoint a Defense Expert
 
 9
 The refusal to appoint an expert is reviewed for abuse of discretion. United States v. Labansat, 94 F.3d 527, 530 (9th Cir .1996).
 
 
 10
 Appellant contends the district court erred by refusing to appoint proposed defense expert, Dr. Joseph Gaus, to prove that the amount of crack cocaine Washington possessed could have been for personal use. Addicts, Dr. Gaus argued in his letter attached to the sentencing memorandum, can consume large amounts in a short period of time, without lethal effects.
 
 
 11
 Dr. Gaus's opinion was before the court at sentencing. Securing his live testimony was unnecessary because hearsay is admissible at sentencing. See United States v. Petty, 982 F.2d 1365, 1367 (9th Cir.1993). The district court did not abuse its discretion by refusing to appoint Dr. Gaus as an expert. Washington was not prejudiced by the court's refusal to appoint the defense expert. At sentencing, the court concluded that the jury was correct in assessing the likelihood that Appellant possessed with the intent to distribute based on the quantity of drugs found and the other indicia of drug dealing.
 
 
 12
 3. Refusal to Order Production of Government Informant
 
 
 13
 A district court's decision not to compel disclosure of an informant's identity is reviewed for abuse of discretion. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990).
 
 
 14
 The government must produce a confidential informant "whenever the informer's testimony may be relevant and helpful to the accused's defense." Roviaro v. United States, 353 U.S. 53, 61-62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The duty of disclosure applies not only to trial, but also to sentencing proceedings in those cases in which the informant's testimony would be relevant and helpful. United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir.1997). However, the defendant bears the burden of showing the need for disclosure. Id. The defendant must "show that he has more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or be essential to a fair trial." Id. (quoting United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th Cir.1993)).
 
 
 15
 Washington contends the production of the informant was necessary to prove that he possessed the crack cocaine for personal use and not for sale. Appellant did not carry his burden of demonstrating why the informant's testimony would be relevant or helpful to his defense. Washington never indicated how the testimony of the confidential informant would bear on Washington's intent to distribute. The district court did not abuse its discretion by refusing to order production of the government informant.
 
 4. Consideration of Hearsay at Sentencing
 
 16
 "We review a sentence for abuse of discretion, if defendant can show that the district court relied on information that should not have been considered during the sentencing phase." United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (citations omitted). A trial violates a defendant's right to due process where it relies on "materially false or unreliable information at sentencing." United States v. Hanna, 49 F.3d 572, 577 (9th Cir.1995). Generally, hearsay evidence is admissible at sentencing, although "we require that 'some minimal indicia of reliability accompany a hearsay statement.' " United States v. Huckins, 53 F.3d 276, 279 (9th Cir.1994) (quoting Petty, 982 F.2d at 1369). Hearsay may be deemed reliable if the statements are corroborated by physical evidence or other witness testimony. See, e.g., Petty, 982 F.2d at 1367; United States v. Holmes, 961 F.2d 599, 603 (9th Cir.1992).
 
 
 17
 The district court found Washington's girlfriend's testimony was accompanied by some minimal indicia of reliability and appears to have considered her statements at sentencing. In support of her statement's reliability, the court cited other drug-related paraphernalia and the size of the crack cocaine rock found on Washington. Further, the court cited Washington's own admission that he intended to distribute drugs to his girlfriend as additional corroborative testimonial evidence. The consideration of the girlfriend's hearsay statements at sentencing was not an abuse of discretion.
 
 
 18
 5. Crack Cocaine Possessed for Sale Not Personal Use
 
 
 19
 The legality of a sentence and the court's legal interpretation of the Sentencing Guidelines is reviewed de novo. Hanna, 49 F.3d at 576. The court's factual findings with respect to the sentence imposed are examined for clear error. Id. The determination of the quantity of narcotics involved in an offense is a factual finding, entitled to a "significantly deferential" standard of review. United States v. Asagba, 77 F.3d 324, 325-26 (9th Cir.1996).
 
 
 20
 The court is required to make a factual finding as to the quantity of drugs possessed for distribution and cannot include any amount possessed strictly for personal use. United States v. Kipp, 10 F.3d 1463, 1466 (9th Cir.1993). The court cannot apply a mechanical rule that all drugs possessed must be considered relevant at sentencing to the crime of possession with intent to distribute. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1496 (9th Cir.1994).
 
 
 21
 The district court determined that all of the crack cocaine found on Washington's person and in his apartment was possessed for distribution. The judge stated the matter was settled by the findings of the jury and reasoned that the other indicia of drug trafficking supported the jury's conclusions. Although the district court failed to make specific findings regarding whether the smaller amounts of crack cocaine found in Washington's apartment were possessed with intent to distribute, the specific finding regarding the 11.4 gram rock was sufficient to place Washington squarely within base level 26. See U.S.S.G. § 2D1.1(c)(7) (base level 26 applies to any offense which involves at least five but less than twenty grams of cocaine base). Any error in computing the total amount seized is therefore harmless. See United States v. Galliano, 977 F.2d 1350, 1354 (9th Cir.1992).
 
 
 22
 6. No Reduction for Acceptance of Responsibility
 
 
 23
 Because the sentencing judge is in the unique position to evaluate a defendant's acceptance of responsibility, his decision may be reversed only if it is clearly erroneous. United States v. Molina, 934 F.2d 1440, 1450 (9th Cir.1991); U.S.S.G. § 3E1.1 cmt. 5.
 
 
 24
 If a criminal defendant "clearly demonstrates acceptance of responsibility for his offense," he qualifies for a three point reduction in his sentence. U.S.S.G. § 3E1.1. The defendant must "recognize and affirmatively accept personal responsibility for his criminal conduct." United States v. Gonzalez, 16 F.3d 985, 991 (9th Cir.1993).
 
 
 25
 Washington was convicted of possession with intent to distribute cocaine base. His admission at arrest that he would share the crack cocaine with his girlfriend or sell some if asked, does not constitute an affirmative acceptance of responsibility. Even on appeal, Washington contends he only possessed the cocaine base for personal use. The district court's decision not to reduce Washington's sentence for acceptance of responsibility was correct and not clearly erroneous.
 
 
 26
 Appellant Ernest Washington's judgment of conviction and sentence is AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3