**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10138 |
| Plaintiff - Appellee, | D.C. No. 3:11-CR-00064-HDM-WGC-1 |
| v. | |
| JUAN RAMON CABEZAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted May 13, 2014[**]
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Juan Cabezas (Cabezas) pled guilty to one count each of mail fraud, bank

fraud, tax evasion, money laundering, and aggravated identity theft, and received

four concurrent 63-month sentences followed by a 24-month sentence to be served

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

consecutively. Cabezas appeals the district court's imposition of an abuse of trust enhancement, the court's alleged failure to address the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6), and the court's purported reliance on unreliable victim statements during sentencing. We affirm.

As Cabezas concedes, a factual and legal basis for the abuse of trust enhancements exists. While his plea agreement did not contemplate the imposition of this enhancement, the plea agreement was not binding on the court. Moreover, the district court imposed a within-Guidelines sentence, and Cabezas had already conceded that his Guidelines range fell within the neighborhood of sentences imposed in similar cases. No further explanation was required under 18 U.S.C. § 3553(a)(6). *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) ("A within-Guidelines sentence ordinarily needs little explanation . . . because both the Commission and the sentencing judge have determined that the sentence comports with the § 3553(a) factors and is appropriate in the ordinary case.").

Finally, regardless of whether the victims' statements at sentencing were unreliable, they do not provide a basis for vacating Cabezas' sentence because they were not "demonstrably made the basis for the sentence." *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984). Instead, the district court based Cabezas' sentence on the amount of loss, Cabezas' failure to stop embezzling money despite

an opportunity to walk away, the abuse of trust, and Cabezas' payment of full restitution.

**AFFIRMED.**