**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUAINE WESTON BOWDEN,

Defendant - Appellant.

No. 13-30366

D.C. No. 1:13-cr-00008-DWM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted November 19, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Duaine Weston Bowden appeals his conviction and 33-month sentence for

possession of stolen firearms, 18 U.S.C. § 922(j). We affirm.

Bowden's appeal raises three issues, and we consider each in turn. First,

Bowden asserts that the Government did not establish by a preponderance of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

evidence that he possessed eight stolen firearms, and that the district court abused its discretion in applying a four-level upward adjustment on that basis pursuant to U.S.S.G. § 2K2.1(b)(1)(B). Based on our review of the record, we conclude that there was sufficient evidence before the sentencing court on this issue, and that the court therefore did not abuse its discretion in applying the four-level upward adjustment.

Second, Bowden alleges that his due process rights were violated because his sentence was based in part on facts for which there were no indicia of reliability. It is well-established that a defendant "has a due process right not to be sentenced on the basis of materially incorrect information." *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993). Thus, "[w]hile hearsay statements may be considered at sentencing, due process requires that such statements be corroborated by extrinsic evidence." *United States v. Ponce*, 51 F.3d 820, 828 (9th Cir. 1995) (per curiam). To make a successful due process claim, Bowden "must establish [that] the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984)). Even if we assume that Bowden has met his burden with respect to the first element, his challenge fails because our reading of the record as a whole

2

indicates to us that the focus of the sentencing court's comments and analysis was on the conduct to which Bowden had admitted, not on the allegations associated with the dismissed counts. Therefore, we conclude that the unproved conduct was not "demonstrably made the basis for the sentence." *Vanderwerfhorst*, 576 F.3d at 935–36 (quotation omitted).

Third, Bowden asserts that the within-Guidelines sentence of 33 months that the district court imposed was substantively unreasonable. On appeal, we review a sentence for substantive reasonableness under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc). "Although we do not automatically presume reasonableness for a within-Guidelines sentence, in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013) (citation and internal quotation marks omitted). Where, as here, "the district court considered the specific facts presented by [the] case and . . . its sentence was consistent with its assessment of these facts," we will not overturn a sentence as substantively unreasonable. *United*

*States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011). Bowden's substantive

unreasonableness challenge fails.[1]

      **AFFIRMED.**

---

[1] At oral argument, Bowden asserted that his sentence was impermissible as a consequence of the indeterminate nature of his state sentence, combined with the fact that the federal sentence imposed on him was made consecutive to that state sentence. As counsel conceded, however, this argument was not briefed. It is therefore waived. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (raising an issue at oral argument is insufficient to avoid waiver if it was not raised "clearly and distinctly" in the opening brief).