**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50228 |
| Plaintiff-Appellee, | D.C. No. 8:12-cr-00011-CJC-1 |
| v. | |
| JULIO GABRIEL DIAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before:  WARDLAW and LEE, Circuit Judges, and KENNELLY,** District Judge.

Julio Gabriel Diaz was convicted and sentenced on numerous counts of

distribution of a controlled substance, largely oxycodone.  In a prior appeal, we

affirmed his conviction but remanded for resentencing due to error in the district

court's calculations of the applicable Sentencing Guidelines.  *United States v.*

_____

  *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

*Diaz*, 876 F.3d 1194 (9th Cir. 2017); *United States v. Diaz*, 717 F. App'x 684 (9th Cir. 2017). Diaz appeals following his resentencing, raising two procedural challenges. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1.     The district court did not plainly err in denying Diaz's policy objection under *Kimbrough v. United States*, 552 U.S. 85 (2007), to the Guidelines' converted drug weight for oxycodone. *See United States v. Kleinman*, 880 F.3d 1020, 1040–41 (9th Cir. 2017). Although Diaz's *Kimbrough* objection was not explicitly denied on the record, the district court raised it at sentencing, continued to properly calculate the Guidelines range, explained its reasoning, and imposed Diaz's sentence in light of both the aggravating and mitigating factors. It is "clear from the context" that the district court understood Diaz's objection but did not agree. *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009). "[R]eversal is not justified where the court reviews and listens to the defendant's arguments." *United States v. Rangel*, 697 F.3d 795, 806 (9th Cir. 2012).

Diaz's reliance on *United States v. Henderson* is misplaced, because there we reversed when the district court "was squarely presented with the question of whether *Kimbrough* discretion applies," but "[its] ruling on the issue" was unclear as to whether it rejected the argument on the merits or believed it lacked authority to consider it. 649 F.3d 955, 964 (9th Cir. 2011). Nothing in the record here

2

suggests that the district court incorrectly believed it lacked the authority to vary based on a policy disagreement with the drug conversion rates in the Guidelines. And because "district courts are not obligated to vary . . . on policy grounds if they do not have, in fact, a policy disagreement" with the Guidelines, there was no plain error. *Id.*

2. We review for abuse of discretion Diaz's due process challenge to the district court's reliance on the converted drug weights. *United States v. Ibarra*, 737 F.2d 825, 826–27 (9th Cir. 1984). A district court abuses its discretion if, at sentencing, it relies on "false or unreliable" information that "lacks some minimal indicium of reliability beyond mere allegation." *Id.* at 827 (quotation omitted). The converted drug ratios are not factual allegations but the product of the Sentencing Commission's legal and policy judgments, which are sufficiently reliable indicators. *See Neal v. United States*, 516 U.S. 284, 291 (1996). Therefore, there was no due process violation.

**AFFIRMED.**

3