NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LONNIE EUGENE LILLARD, <br><br> Defendant-Appellant. | Nos. 18-30106 <br> 18-30114 <br> 20-30110 <br><br> D.C. Nos. <br> 2:16-cr-00007-RSM <br> 2:16-cr-00007-RSM-1 <br> 2:15-cr-00270-RSM-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted June 9, 2022
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,** District
Judge.

Defendant-Appellant Lonnie Eugene Lillard pleaded guilty to one count of

Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344(2) and 1349. He appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

several of the district court's determinations affecting his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.[1][2]

1. The district court did not violate Lillard's right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), either before or after the sentencing-stage evidentiary hearing. Lillard knowingly and voluntarily waived his right to counsel before the evidentiary hearing. In its *Faretta* colloquy, the district court advised Lillard of the penalties he faced and of the dangers and disadvantages of self-representation. *See United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987). The district court did not advise him of the nature of the charge against him, but the record as a whole reveals that his waiver was knowing and intelligent in that respect. *See id.* at 1487–88. In particular, he had been advised about the nature of the charge on at least five prior occasions, and he repeatedly stated either that he understood the factual bases for his pleas or that he understood the charge. Lillard, moreover, had already pleaded guilty when he first waived his right to counsel, and our waiver analysis must be "directed to 'the

---

[1] We hold in a separate opinion filed today that the government's seizure of Lillard's inmate funds did not violate his Sixth Amendment right to counsel of choice and that the district court's imposition of an illegal sentence for Lillard's supervised release violation was reversible error. *United States v. Lillard*, No. 18-30106 (9th Cir. 2022).

[2] To the extent that this memorandum reveals sealed information, the court unseals that information for purposes of this disposition only.

particular stage of the proceedings in question.'" *Lopez v. Thompson*, 202 F.3d 1110, 1119 (9th Cir. 2000) (quoting *Patterson v. Illinois*, 487 U.S. 285, 298 (1988)).

Lillard knowingly and voluntarily waived his right to counsel again after the evidentiary hearing. While Lillard did express a willingness to accept new counsel as an alternative, his request to represent himself was unequivocal. *See Adams v. Carroll*, 875 F.2d 1441, 1444–45 (9th Cir. 1989). Further, the district court was not required to conduct a second *Faretta* colloquy before allowing Lillard to return to pro se status because no "intervening events substantially change[d] the circumstances existing at the time of the initial colloquy." *United States v. Hantzis*, 625 F.3d 575, 580–81 (9th Cir. 2010).

2. The district court did not abuse its discretion when it denied Lillard's motion to withdraw his guilty plea. Federal Rule of Criminal Procedure 11 permits a defendant to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Neither of the bases Lillard asserts constitutes such a reason. First, there is no "realistic possibility" that Lillard was entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008). Neither of the statements in the search warrant affidavit that Lillard challenges was false or material to the court's finding that

3

probable cause existed to search his apartment. *See United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993) (requiring only "a reasonable nexus between the activities supporting probable cause and the locations to be searched" (quoting *United States v. Ocampo*, 937 F.3d 485, 490 (9th Cir. 1991))). Second, Lillard has not identified any evidence that he learned of after his guilty plea. He points to the government's "theory" of the case against him, but that is not evidence. And in any event, the government was not attempting to prove his guilt at the evidentiary hearing. For that same reason, Lillard is not entitled to a hearing to explore a possible claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Finally, he is not entitled to a hearing to explore a possible ineffective assistance of counsel claim; such claims are generally inappropriate on direct appeal, and no exception to that general rule applies here. *See United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005).

3. The district court did not abuse its discretion when it denied Lillard's request for an evidentiary hearing on limited remand. Under the Sentencing Guidelines, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). Lillard offers no reasonable basis upon which to challenge the government's evidence about the attribution of losses between Vantiv and its merchants. Lillard also does not

explain why he could not have investigated any concerns he had about the government's evidence through other means, such as by contacting the merchants themselves.

4. The district court did not violate Lillard's due process right not to be sentenced based on unreliable information. To prove such a violation, a defendant "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009) (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984)). Lillard's due process claim with respect to the government's evidence about the allocation of losses between Vantiv and its merchants on remand fails at the first prong. That evidence—including the Vantiv investigator's credible explanation for his inconsistent statements and the government's independent verification with two merchants that Vantiv did not reimburse their losses—has more than "some minimal indicium of reliability beyond mere allegation." *Id.* at 936 (quoting *Ibarra*, 737 F.2d at 827). And Lillard's claim that his sentence was impermissibly based on incorrect information about the allocation of losses between Chase Paymentech and its merchants fails at the second prong. The record demonstrates that the district court's sentence was not based on that information. *See United States v. McGowan*, 668 F.3d 601, 608 (9th Cir. 2012).

5. The district court correctly applied a preponderance of the evidence standard in making its loss amount enhancement determination because clear and convincing evidence is not required when an enhancement is based entirely on the extent of a conspiracy. *United States v. Lonich*, 23 F.4th 881, 914 (9th Cir. 2022). Further, the district court's restitution and loss estimations were reasonable. *See United States v. Ali*, 620 F.3d 1062, 1073 n.10 (9th Cir. 2010); *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007). The district court did not clearly err in finding that the government had sufficiently tied the full restitution and loss amounts to the conspiracy through patterns across the fraudulent transactions. *See United States v. Annamalai*, 939 F.3d 1216, 1236-38 (11th Cir. 2019); *United States v. Sepulveda*, 115 F.3d 882, 889-92 (11th Cir. 1997).

6. Lillard preserved his objections to the restitution order because he raised them before the district court. *See United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008). The order, however, is not internally inconsistent because "'immediate payment' does not mean 'immediate payment in full;' rather it means 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *United States v. Jaroszenko*, 92 F.3d 486, 492 (7th Cir. 1996). Further, the order does not impermissibly supplement the court's oral sentencing pronouncement. Because the district court's oral sentencing pronouncement did not specify a payment plan that would apply during Lillard's sentence of

6

incarceration, the payment plan set out in the restitution order permissibly clarified that ambiguous pronouncement and controls here. *See Fenner v. U.S. Parole Comm'n*, 251 F.3d 782, 787 (9th Cir. 2001).

7. Reassignment to a different judge on remand is unwarranted. Our disposition of the other issues in this case demonstrates that none of the district court rulings Lillard identifies as warranting reassignment was erroneous, much less indicates that "reassignment is advisable to preserve the appearance of justice." *United States v. Atondo-Santos*, 385 F.3d 1199, 1201 (9th Cir. 2004) (quoting *United States v. Working*, 287 F.3d 801, 809 (9th Cir. 2002)).

**AFFIRMED.**